IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,370-01






EX PARTE IVAN JOSE MANZANO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2003-876-C IN THE 54TH DISTRICT COURT


FROM MCLENNAN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated sexual assault of a child and sentenced to ten years' imprisonment on each count, one
sentence to run consecutively with the other. The Tenth Court of Appeals affirmed his convictions.
Manzano v. State, No. 10-04-323-CR (Tex. App.-Waco, delivered February 15, 2006). 

 Applicant contends that his trial counsel rendered ineffective assistance because he failed to
call numerous witnesses, failed to properly cross examine numerous witnesses, failed to present
evidence that would tend to show his innocence, failed to present evidence of other possible
perpetrators, failed to allow him to testify on his own behalf, failed to object to hearsay documents,
failed to show the jury a videotape of an interview with the complainant and her sister, and failed
to strike a juror who personally knew Applicant. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings on the reasons that counsel failed to call the witnesses
listed in the writ application. The trial court shall make findings as to counsel's trial strategy in the
cross examination of the witnesses listed in the application. The trial court shall make findings
regarding Applicant's contention that counsel refused to allow him to testify. The trial court shall
make findings regarding the specific juror listed in the application and the reasons counsel failed to
challenge him. The trial court shall make findings of fact as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 11, 2009

Do not publish